UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L AWRENCE S IMMONS,

        Plaintiff,                        Hon. Hala Y. Jarbou

v.

                                      Case No. 1:22-cv-493

C OMMISSIONER OF
S OCIAL S ECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss. (ECF No. 34). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' be granted and this action terminated.

## BACKGROUND

On June 2, 2022, Plaintiff initiated the present action against the Commissioner of Social Security. (ECF No. 1). A review of the exhibits attached to Plaintiff's complaint reveals the following.

On March 22, 2021, Plaintiff applied for Supplemental Security Income (SSI) benefits. (ECF No. 1-3, PageID.24). On January 13, 2022, the Social Security Administration (SSA or the Administration) notified Plaintiff that his claim for SSI benefits had been approved. (*Id.*, PageID.24-41). Specifically, Plaintiff was informed that he was eligible to receive SSI benefits beginning in April 2021. (*Id.*,

PageID.24-25). For two separate reasons, however, Plaintiff's SSI benefit payments were significantly reduced, prompting the present action.

First, the Administration explained to Plaintiff that SSI is a needs-based program and as such recipients whose income or resource levels exceed certain thresholds must have their SSI benefits reduced. (*Id.*, PageID.25-27). In this respect, SSA noted that Plaintiff had two separate sources of income that "must be considered" in calculating his SSI benefit: (1) Social Security retirement benefits of $618 monthly and (2) Department of Veterans Affairs "assistance payments" of $144.14. (*Id.*, PageID.26). Accordingly, from April 2021 through September 2021, Plaintiff's SSI benefits were reduced by $144.14 monthly, the amount Plaintiff received in VA assistance those months. (*Id.*, PageID.37-38). Beginning in October 2021, Plaintiff's SSI benefits were reduced by the amount Plaintiff was receiving in Social Security retirement benefits and VA assistance.[1] (*Id.*, PageID.39-41).

Second, Plaintiff was informed that because he had been "overpaid when [he] formerly received SSI payments," his SSI benefit payments would be reduced until the total amount of the overpayment, $7,847.85, was repaid. (*Id.*, PageID.25). Repayment of this amount was accomplished in two ways. Plaintiff was entitled to $4,117.60 in back benefits from April 2021 through January 2022. (*Id.*, PageID.24). Of this amount, $1,029.40 was paid to Plaintiff's attorney and the remaining

---

[1] From October 2021 through December 2021, this amount totaled $742.14 monthly. (*Id.*, PageID.39). Beginning with January 2022, this amount totaled $778.14. (*Id.*, PageID.40-41).

$3,099.20 was retained by the Commissioner and applied to reduce Plaintiff's overpayment leaving an overpayment balance of $4,759.65. (*Id.*, PageID.25). Plaintiff was informed that, beginning February 2022, $62.86 would be withheld from his monthly benefits payments "until the overpayment of $4,759.65 has been repaid." (*Id.*).

Plaintiff initiated the present action asserting several challenges to the Administration's determinations and actions described above. First, Plaintiff argues that SSA improperly reduced his SSI benefits payments to account for the amounts he receives in Social Security retirement benefits and VA benefits. Next, Plaintiff argues that the Administration failed to pay him back benefits for the period February 2020 through February 2021. Finally, Plaintiff argues that he was not provided sufficient notice regarding the overpayments he previously received. Defendant now moves to dismiss Plaintiff's action. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## ANALYSIS

I.    Subject Matter Jurisdiction

Defendant moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1). If a challenge is asserted to the Court's subject matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Houchens v. Beshear*, 850 Fed. Appx. 340, 342 (6th Cir., Mar. 9, 2021). Moreover, the Court "must" consider

Defendant's jurisdictional challenge first, because Defendant's other arguments for relief are moot if the Court lacks jurisdiction. *Ibid.* When considering a Rule 12(b)(1) motion, the Court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction. *See, e.g., Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is the statutory provision which authorizes individuals to obtain judicial review of "any final decision of the Commissioner of Social Security." While Plaintiff does not specifically cite to § 405(g), he repeatedly makes reference to the Commissioner's "final decision" and is clearly challenging the Commissioner's determinations regarding the amount in SSI benefits to which he is entitled. Thus, the Court interprets Plaintiff's complaint as asserting a claim for relief under 42 U.S.C. § 405(g). The Court lacks jurisdiction, however, to resolve any claim asserted under § 405(g) because the Commissioner did not issue a "final decision" in this matter.

The United States "is immune from suit save as it consents to be sued" and "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *See, e.g., Walls v. Astrue*, 2011 WL 4526800 at *3 (W.D. Tenn., Sept. 28, 2011) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). In the context of a claim for Social Security benefits, an individual may sue the United States pursuant to 42 U.S.C. § 405, which provides in relevant part:

> Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added).

As the Supreme Court has observed, § 405(g) "bars judicial review of any denial of a claim of disability benefits until after a 'final decision' by the [Commissioner] after a 'hearing.'" *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976); *see also*, *Ferguson v. Commissioner of Social Security*, 2008 WL 243955 at *5-6 (W.D. Mich., Jan. 28, 2008) (same).

While § 405(g) does not define the term "final decision," such is defined by the relevant Social Security regulations. *See Williams v. Commissioner of Social Security*, 2015 WL 2172481 at *2 (W.D. Mich., May 8, 2015). These regulations provide that to obtain a judicially reviewable "final decision," a claimant must complete the following administrative steps: (1) initial determination; (2) reconsideration; (3) hearing before an ALJ; and (4) Appeals Council review. *See Williams*, 2015 WL 2172481 at *2 (citing 20 C.F.R. §§ 404.900(a)(1)-(4), 416.1400(a)(1)-(4)). These administrative steps must be completed in a timely fashion, however. Thus, if a claimant's request for review by the Appeals Council is rejected as untimely, the decision in question is not considered a "final decision" which is subject to judicial review. *See Ferguson*, 2008 WL 243955 at *5-6. A review of the evidence submitted by the parties, as well as the allegations in

Plaintiff's complaint, makes clear that Plaintiff failed to complete the necessary administrative steps prior to initiating this action.

As noted, on January 13, 2022, the Social Security Administration notified Plaintiff that his claim for SSI benefits had been approved subject to the reductions and offsets detailed above. On or about January 27, 2022, Plaintiff requested "reconsideration" of this decision. (ECF No. 1-4, PageID.43-45). Plaintiff requested that such reconsideration be conducted "in person." (*Id.*, PageID.43). On or about February 18, 2022, Plaintiff again requested "in person" reconsideration of the Administration's decision. (*Id.* at PageID.47).

The Administration subsequently scheduled a March 10, 2022 telephone conference to discuss the matter. (ECF No. 1-5, PageID.49). This was apparently unacceptable to Plaintiff as he submitted his "third" and "final" notice requesting an "in person" conference regarding the Administration's decision. (ECF No. 1-7, PageID.51). Plaintiff failed to participate in the March 10, 2022 telephone conference after which a second such conference was scheduled for April 4, 2022. (ECF No. 1-8, PageID.53). Plaintiff responded by submitting a "brief" outlining his various objections and disagreements with the Administration's decision. (ECF No.1-9, PageID.55-66).

Following the April 4, 2022 telephone conference, Plaintiff's request for reconsideration was denied on the ground that the evidence supplied by Plaintiff merely "affirmed" the initial determination. (ECF No. 1-10, PageID.68-70). Plaintiff was also explicitly instructed that if he disagreed with this determination

and wanted to pursue the matter further, he was required to request – in writing – a hearing before an Administrative Law Judge. (*Id.*, PageID.69). Plaintiff failed to comply with this requirement, however, and instead requested another in person meeting so that he could "review and complete" his file. (*Id.* at PageID.82). Plaintiff also authored a letter to the Office of the Regional Chief Counsel – Region VII requesting "expedited" consideration of his request for review. (ECF No. 1-13, PageID.84-89).

In sum, the record reveals that Plaintiff has failed to exhaust the administrative remedies necessary to obtain a "final" decision by the Commissioner which is subject to judicial review. Because Plaintiff has failed to comply with these requirements, the Court lacks subject matter jurisdiction over Plaintiff's request for this Court to review the Administration's decision regarding Plaintiff's SSI benefits and the reductions and offsets applicable thereto. Accordingly, the undersigned judicial officer recommends that Plaintiff's claim seeking judicial review of the Administration's decision be dismissed for lack of subject matter jurisdiction.[2]

---

[2] To the extent Plaintiff attempts to evade the administrative exhaustion requirements identified above by framing his claim in constitutional terms, the result is the same. *See, e.g., Southern Rehabilitation Group, P.L.L.C. v. Secretary of Health and Human Services*, 732 F.3d 670, 678-79 (6th Cir. 2013) (before asserting a constitutional challenge to the Commissioner's decisions, a plaintiff must satisfy the same jurisdictional requirements and "in conformity with the same standards. . .applicable to nonconstitutional claims arising under the [Social Security] Act").

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss (ECF No. 34) be granted and this action terminated. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such by Plaintiff would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 11, 2023          /s/ Phillip J. Green
                              PHILLIP J. GREEN
                              United States Magistrate Judge