UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE SIMMONS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 1:22-cv-493

Hon. Hala Y. Jarbou

## OPINION

This suit involves claims against Defendant the Commissioner of Social Security concerning the amount of Supplemental Security Income ("SSI") benefits Plaintiff Lawrence Simmons receives from the Social Security Administration ("SSA"). On January 19, 2023, the SSA moved to dismiss the case for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted (ECF No. 34). On April 11, 2023, Magistrate Judge Phillip Green issued a Report and Recommendation (R&R) recommending that the Court grant the motion and dismiss the case for lack of subject matter jurisdiction (ECF No. 59). Before the Court are Plaintiff's objections to the R&R (ECF No. 63).[1]

### I. FACTUAL BACKGROUND

On February 16, 2021, Plaintiff's lawyer applied for SSI benefits on his behalf. (*See* 2/16/2021 Letter from Whiting Law, ECF No. 1-2.) On January 13, 2022, the SSA sent Plaintiff

---

[1] On May 22, 2023, Plaintiff filed a "Response to Defendant's Response to Plaintiff's Objections to Report and Recommendation" (ECF No. 69). The local rules allow for only an objection and response, not an additional reply. W.D. Mich. LCivR 72.3(b). However, the Court will incorporate any relevant arguments from Plaintiff's reply into its analysis.

a letter indicating that it had approved his application and that he was entitled to $62.86 per month. (*See* 1/13/2022 Letter from SSA, ECF No. 1-3, PageID.24.) The SSA explained that Plaintiff's monthly amount was affected by his Social Security and Veterans Affairs benefits, which counted as income and therefore reduced his SSI benefits. (*See id.*, PageID.26.) The SSA noted that because Plaintiff had been entitled to benefits starting in April of 2021, it owed him back payments. (*See id*, PageID.24-25.) However, the SSA also explained that it had previously overpaid Plaintiff SSI benefits. (*See id*, PageID.25.) Therefore, Plaintiff did not receive the back payments because the money went to repaying the SSA for the overpayment and paying Plaintiff's lawyer. (*See id.*, PageID.24-25.) Furthermore, the SSA explained that it would begin withholding the entirety of Plaintiff's benefits to make up for the rest of the overpayment. (*See id.*, PageID.25.) Finally, the letter stated that Plaintiff could ask for the decision to be reconsidered by filing an appeal in the next 60 days. (*See id.*, PageID.28-29.) This reconsideration could be either a "Case Review" or "Informal Conference," the latter of which could be in-person or by phone. (*Id.*, PageID.29.)

On January 27, 2022, Plaintiff wrote a letter to the SSA seeking "Reconsideration by Informal Conference in person, immediately." (1/27/2022 Letter from Simmons, ECF No. 1-4, PageID.43.) On February 18, 2022, Plaintiff sent another letter "request[ing] that an acknowledgment letter [be] sent to [him] with the scheduled time, date and place for the Reconsideration." (2/18/2022 Letter from Simmons, ECF No. 1-5.) On March 3, 2022, the SSA responded with a letter scheduling a phone meeting for March 10, 2022. (3/3/2022 Letter from SSA, ECF No. 1-6.) According to Plaintiff, the letter arrived too late and he did not make the meeting. (*See* Compl., ECF No. 1, PageID.4.) On March 7, 2022, Plaintiff sent a third letter asking for an in-person reconsideration meeting. (*See* 3/7/2022 Letter from Simmons, ECF

No. 1-7.)  On March 18, 2022, the SSA replied and scheduled a phone meeting on April 4, 2022.[2] (*See* 3/18/2022 Letter from SSA, ECF No. 1-8.)

On March 22, 2022, Plaintiff sent a letter to the SSA identifying several disagreements with its calculation of his benefits.  (*See* 3/22/2022 Letter from Simmons, ECF No. 1-9, PageID.56.)  On April 4, 2022, Plaintiff spoke with the SSA by phone about these disagreements. (*See* Compl., PageID.4.)  The same day, the SSA sent Plaintiff a letter explaining that it was denying his request for reconsideration, and that he could appeal this in the next 60 days by requesting a hearing before an Administrative Law Judge.  (*See* 4/4/2022 Letter from SSA, ECF No. 1-10, PageID.69-70.)

On April 11, 2022, the SSA sent Plaintiff a letter stating that his monthly SSI payment had now changed to $54.36 based on his Social Security and Veterans Affairs benefits.  (*See* 4/11/2022 Letter from SSA, ECF No. 1-12, PageID.77.)  On April 29, 2022, Plaintiff wrote the SSA a letter explaining his disagreements with its April 4, 2022, decision.  (*See* 4/29/2022 Letter from Simmons, ECF No. 1-14.)  In that letter, Plaintiff asked that the date of the SSA's decision on his benefits be postponed and that the Commissioner of Social Security investigate the decision.  (*See id.*, PageID.84.)  Plaintiff does not claim to have ever requested a hearing before an Administrative Law Judge about the decision.

On June 2, 2022, Plaintiff filed this lawsuit against the Commissioner of Social Security. Plaintiff seeks relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, *et seq*. (*See id.*, PageID.2.)  He also asserts violations of his Due Process rights.  (*See id.*, PageID.2-3.)[3]

---

[2] The SSA could not schedule an in-person meeting because the local office's employees were all teleworking.  (*See* 3/22/2022 Letter from Simmons, ECF No. 1-9, PageID.55.)

[3] While Plaintiff's complaint refers to the Fourteenth Amendment's Due Process Clause, the Court will construe it as a Fifth Amendment Due Process claim because he is suing a federal rather than state official.

Plaintiff claims that the SSA wrongly used his Social Security and Veterans Affairs benefits to reduce his SSI benefits, that the SSA did not give him enough in back payments, that the SSA did not notify him properly about its overpayment, and that the overpayment occurred too long ago for the SSA to now take back the money. (*See* Compl., PageID.3-4.) He asks the Court to change the SSA's benefit determination and to order the SSA to pay him what he claims to be owed. (*See* Compl., PageID.16.)[4]

## II. LEGAL STANDARD

Under Rule 72 of the Federal Rules of Civil Procedure,

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

## III. ANALYSIS

### 1. Subject Matter Jurisdiction

The SSA contends that the Court lacks subject matter jurisdiction over Plaintiff's claims. The standard for evaluating a Rule 12(b)(1) motion depends on the nature of the "attack" on subject matter jurisdiction. A "facial attack" on subject matter jurisdiction "merely questions the sufficiency of the [complaint]." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Facial attacks are reviewed under the same standard as applied to a Rule 12(b)(6)

---

[4] Plaintiff's complaint also refers to the Privacy Act, 5 U.S.C. § 552a, and seeks an injunction forcing the SSA to give him records. (Compl., PageID.2, 16.) After the SSA raised various possible grounds for dismissal of the Privacy Act claim in its motion to dismiss, Plaintiff appeared to argue that while he is contending that jurisdiction exists under the Privacy Act, he is not actually bringing any claims or seeking any relief pursuant to that statute. (*See* Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, ECF No. 41, PageID.355, 372; Pl.'s Surreply Br. in Opp'n to Def.'s Mot. to Dismiss, ECF No. 46, PageID.393.) The magistrate judge did not address the Privacy Act claim or the request for documents in the R&R, and Plaintiff did not object to this omission. "[A] district court is not required to review— under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made." *Ashraf v. Adventist Health Sys./Sunbelt Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). Accordingly, the Court will not analyze this issue because it is waived.

4

motion: the Court accepts the plaintiff's well-pleaded allegations as true and asks whether subject matter jurisdiction exists based on the complaint. *Id.* No presumption of truth applies in a "facial attack" on subject matter jurisdiction. *Id.*

Factual attacks, on the other hand, challenge the actual existence of matters affecting jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). To resolve a factual attack, "'the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case . . . . [T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Id.* (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 890-91 (3d Cir. 1977)). The plaintiff bears the burden of proof of jurisdiction when a factual attack is made. *Id.*

Here, the SSA appears to bring a facial attack. The magistrate judge recommended dismissing Plaintiff's claims for lack of subject matter jurisdiction because Plaintiff's claims are barred by sovereign immunity. "The doctrine of sovereign immunity removes subject matter jurisdiction in lawsuits against the United States unless the government has consented to suit." *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997); *see also United States v. Testan*, 424 U.S. 392, 399 (1976). Here, the relevant consent to suit comes from 42 U.S.C. § 405, a provision of the Social Security Act. Section 405 provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action." 42 U.S.C. § 405(g).[5] It also states the following:

> No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof

---

[5] Though this case is related to SSI benefits, rather than Social Security benefits, 42 U.S.C. § 405(g) is still applicable. 42 U.S.C. § 1383, which concerns SSI benefits, provides that "[t]he final determination of the Commissioner of Social Security after a hearing . . . shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title." 42 U.S.C. § 1383(c)(3).

5

shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

§ 405(h).[6] Therefore, "[t]he remedy provided by section 405(g) is exclusive," and "the only civil action permitted on any claim arising under [the provisions of the SSA concerning SSI benefits] is an action to review the final decision of the Commissioner made after a hearing." *Peters v. Comm'r of Soc. Sec.*, No. 07-13505, 2008 WL 4428007, at *2 (E.D. Mich. Sept. 30, 2008) (internal quotation marks omitted); *see also Matthews v. Eldridge*, 424 U.S. 319, 328 (1976).

"The term 'final decision' is . . . left undefined by the Act, [and] its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). "[T]he regulations provide that a claimant must complete a four-step administrative review procedure to obtain a judicially reviewable final decision of a claim for benefits: (1) initial determination; (2) reconsideration; (3) hearing before an administrative law judge; and (4) Appeals Council review." *Williams v. Comm'r of Soc. Sec.*, No. 1:14-cv-968, 2015 WL 2172481, at *2 (W.D. Mich. May 8, 2015) (citing 20 C.F.R. §§ 404.900(a)(1)-(4); 416.1400(a)(1)-(4)). "When a claimant has completed these four steps, the agency 'will have made [its] final decision' and the claimant 'may request judicial review by filing an action in a Federal district court.'" *Id.* (alteration in original) (quoting 20 C.F.R. §§ 404.900(a)(5); 416.1400(a)(5)).

Because Plaintiff does not allege to have requested a hearing before an administrative law judge, the magistrate judge concluded that the SSA has not made any reviewable final decision in Plaintiff's case. Because there is no final decision, sovereign immunity bars Plaintiff's suit.

---

[6] 42 U.S.C. § 1383's reference to § 405(g) is understood to include the jurisdictional limitations of § 405(h) as well. *See, e.g.*, *Peters v. Comm'r of Soc. Sec.*, No. 07-13505, 2008 WL 4428007, at *2 (E.D. Mich. Sep. 30, 2008); *Willis v. Sullivan*, 931 F.2d 390, 396 (6th Cir. 1991); *Smith v. Schweiker*, 709 F.2d 777, 779 (2nd Cir. 1983) (holding that § 405(h) "has been implicitly incorporated" by § 1383(c)(3)).

6

Plaintiff objects to this recommendation, contending that 42 U.S.C. § 405 is inapplicable and, in the alternative, that the SSA has made a reviewable final decision.

First, Plaintiff argues that 42 U.S.C. § 405 is inapplicable because he brings suit under the APA, not § 405, and the APA waives sovereign immunity. (Pl.'s Obj. to R&R, ECF No. 63, PageID.477-478.) "But the APA's waiver of immunity comes with an important carve-out: The waiver does not apply 'if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought' by the plaintiff." *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 215 (2012) (quoting 5 U.S.C. § 702). "That provision prevents plaintiffs from exploiting the APA's waiver to evade limitations on suit contained in other statutes." *Id.* The SSA contains such a limitation, so the APA's waiver is inapplicable here. *See LeBlanc v. Kalamazoo Police Dep't*, No. 1:18-cv-487, 2018 WL 3197433, at *6 (W.D. Mich. June 29, 2018); *see also Califano v. Sanders*, 430 U.S. 99, 106 (1977) (holding that "the APA is not to be interpreted as an implied grant of subject-matter jurisdiction to review agency actions" and cannot be used to avoid § 405(h)'s final decision requirement). Therefore, the magistrate judge was correct to apply § 405's sovereign immunity provision.

Plaintiff also contends that 42 U.S.C. § 405 is inapplicable because he brings constitutional claims. (*See* Pl.'s Reply, ECF No. 69, PageID.511.) However, "while § 405(h) [does] not 'preclude constitutional challenges,' it [does] 'require that they be brought' under the same 'jurisdictional grants' and 'in conformity with the same standards . . . applicable to nonconstitutional claims arising under the Act.'" *S. Rehabilitation Grp., P.L.L.C. v. Sec. of Health and Hum. Servs.*, 732 F.3d 670, 678 (6th Cir. 2013) (quoting *Weinberger*, 422 U.S. at 762). Accordingly, § 405's sovereign immunity applies even against "claims that have constitutional issues intertwined with Social Security issues." *Martin v. Colvin*, No. 3:14-0209, 2014 WL

7

5607028, at *6 (M.D. Tenn. Nov. 4, 2014) (citing *Weinberger*, 422 U.S. at 760-61). Plaintiff's claim that the SSA's benefit decisions violate his constitutional rights clearly intertwines constitutional and Social Security issues. *See id.* at *6 (finding that the plaintiff's constitutional claims were intertwined with Social Security issues because "[t]he crux of the plaintiff's action is that she believes she should be entitled to additional Social Security benefits").

The cases Plaintiff cites to support his argument that § 405's sovereign immunity does not apply to his constitutional claims are inapposite. In *Mathews*, the Supreme Court held that § 405 may allow a constitutional claim even without a final decision from the SSA "where a claimant's interest in having a particular issue resolved so promptly is so great that deference to the agency's judgment is inappropriate." 424 U.S. at 330. Subject matter jurisdiction existed in *Mathews* because "[the plaintiff]'s constitutional challenge [was] entirely collateral to his substantive claim of entitlement." *Id.* Here, Plaintiff's constitutional claim is not collateral to his claim of entitlement.

In *Weinberger*, the Supreme Court held that federal jurisdiction existed over a constitutional claim even though the plaintiff had not gone through all of the steps required in the regulation. 422 U.S. at 766-67. However, there, the SSA had deemed the decision final even though the steps had not been taken, and the Court deferred to the agency's judgment. *See id.* The Commissioner has not done the same here, and "a court may not substitute its conclusion as to [finality] for the contrary conclusion of the [agency]." *Id.* at 766.

In the alternative, Plaintiff argues that the Commissioner made a final decision in his case. Plaintiff contends that a final decision does not require the four steps listed in the regulations because the regulations frame each step as an option, not a requirement. (*See* Pl.'s Obj. to R&R, PageID.480.) For example, the regulations state that "[i]f you are dissatisfied with the

8

reconsideration determination, you *may* request a hearing before an administrative law judge." 20 C.F.R. § 416.1400(a)(3) (emphasis added).  Therefore, Plaintiff argues, any of the four steps that come before a final decision "independently becomes final and binding on the parties to it after the expiration of the time provided for the appropriate appeal." (Pl.'s Obj. to R&R, PageID.480.)

However, Plaintiff's argument misconstrues the regulations.  By stating that someone "may request a hearing before an administrative law judge" to challenge a reconsideration determination, the regulations indicate that a person has the option to either request a hearing or accept the SSA's prior decision.  They do not indicate that, after choosing not to request a hearing, a person can still challenge the agency's decision in federal court.  Indeed, the regulations explain that the four steps "usually *must* be requested within certain time periods and in the following order."  20 C.F.R. § 416.1400(a) (emphasis added).  They also provide that "[i]f you . . . do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review, unless you can show us that there was good cause for your failure to make a timely request for review."  *Id.* § 416.1400(b).

Plaintiff's objections also rest on a conflation between when a decision is binding versus when it is reviewable under 42 U.S.C. § 405(g).  Plaintiff asserts that the SSA, by "den[ying] [his] request for Reconsideration, made [the] January 28, 2022 [decision] binding on the parties to it, rendering the January 13, 2022 [initial determination final]."  (Pl.'s Obj. to R&R, PageID.481.)  Plaintiff is correct that a reconsideration determination becomes binding if he does not appeal it to an administrative judge.  *See* 20 C.F.R. § 416.1421.  But "binding" here just means that he can no longer challenge the determination with the SSA; it does not mean that it is reviewable in federal court.

9

Therefore, Plaintiff is incorrect that a decision becomes judicially reviewable if enough time passes. To the contrary, "[i]f a claimant fails to timely request review" in accordance with the steps established in the regulations, "there is simply no final decision, and as a result, no judicial review in most cases." *Ferguson v. Comm. of Soc. Sec.*, No. 1:07-cv-247, 2008 WL 243955, at *4 (W.D. Mich. Jan. 28, 2008) (citing *Sims v. Apfel*, 530 U.S. 103, 107 (2000)). Since Plaintiff did not timely request review, there is no final decision under § 405(g) and sovereign immunity bars Plaintiff from challenging the SSA's benefits determination.

### B. Plaintiff's Other Objections

Plaintiff raises various additional objections to dismissal. As explained below, these objections are meritless.

First, Plaintiff argues that the magistrate judge was not properly assigned to this case. (*See* Pl.'s Obj. to R&R, PageID.473.) 28 U.S.C. § 636 allows district judges to "designate a magistrate judge . . . to submit to a judge of the court proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1). The Court's local rules state the following:

> Each Social Security action shall be assigned at random to a magistrate judge at the time of filing. The parties will thereafter be given an opportunity to consent voluntarily to the dispositive jurisdiction of the assigned magistrate judge pursuant to 28 U.S.C. § 636(c). If all parties do not timely consent, the case will be assigned to a district judge at random and will be referred to the originally assigned magistrate judge under 28 U.S.C. § 636(b)(1).

W.D. Mich. LCivR 3.3.1(a). Accordingly, this case was randomly assigned to Magistrate Judge Green. (*See* Notice of Receipt of Case, ECF No. 3.) The SSA then asked for a district judge to be assigned. (*See* Notice Concerning Joint Statement Regarding Consent, ECF No. 56, PageID.440.) A district judge was randomly assigned and the case was referred to Magistrate Judge Green. (*See* Notice of Assignment, ECF No. 58.) This assignment conformed to § 636 and the local rules. Plaintiff is also incorrect that the magistrate needed a signed order from a district judge to be

10

assigned to the case.  *See United States v. B & D Vending, Inc.*, 398 F.3d 728, 732 (6th Cir. 2004) (finding that 28 U.S.C. § 636(b)(1)(B), which provides that a district court may "designate" a magistrate judge to conduct hearings and submit recommendations for the district judge's consideration, "does not demand that a formal referral order be filed").

Plaintiff also objects to the magistrate judge's recommendation that the Court certify that any appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  *Id.*  Plaintiff contends that he did not choose to proceed *in forma pauperis* under 28 U.S.C. § 1915.  (Pl.'s Reply, PageID.508.)  However, Plaintiff filed an "Application to Proceed in District Court without Prepaying Costs or Fees," a separate financial affidavit, and a "Motion to Grant Pauper."  (*See* Application to Proceed without Prepaying Costs, ECF No. 19-1; Financial Affidavit, ECF No. 20; Motion to Grant Pauper, ECF No. 19.)  Accordingly, the magistrate judge granted Plaintiff pauper status on October 20, 2022.  (*See* Order Granting Plaintiff Leave to Proceed *in Forma Pauperis*, ECF No. 21.)  Plaintiff also challenges the magistrate judge's application of 28 U.S.C. § 1915(a)(3) because he is not a prisoner.  (Pl.'s Reply, PageID.508.)  However, § 1915(a)(3) applies to non-prisoners as well.  *See, e.g.*, *Baker v. Winslow*, No. 21-10692, 2021 WL 5176800, at *2 (E.D. Mich. June 30, 2021); *see also Callihan v. Schneider*, 178 F.3d 800, 803-803 (6th Cir. 1999).  Therefore, the magistrate judge was correct to apply § 1915(a)(3) here.

Plaintiff further argues that the SSA's attorney lacks "authority to enter and argue on the record" because he has not filed an appearance of counsel form. (Pl.'s Reply, PageID.507.)  The local rules provide that "[u]nless the court orders otherwise, an attorney is deemed an attorney of record by . . . signing a pleading, motion or other paper as attorney for a party."  W.D. Mich.

11

LGenR 2.5. On January 3, 2023, the SSA's attorney signed a motion as attorney for the SSA. (*See* Mot. for Extension of Time, ECF No. 27, PageID.269.) Therefore, there is no need for him to submit an appearance of counsel form.

Plaintiff also contends that the SSA defaulted because its motion to dismiss was filed too late. (Pl.'s Obj. to R&R, PageID.482.) Because the Court lacks subject matter jurisdiction, it cannot enter a default judgment, so any discussion of this issue is unnecessary.

Finally, Plaintiff's objections contain various arguments about the merits of his disagreement with the SSA and the magistrate judge's representation of the facts. Because the Court does not have jurisdiction to address the merits of Plaintiff's claims, there is no need to address these objections.

## IV. CONCLUSION

For the reasons stated above, the Court will deny Plaintiff's objections and dismiss the case without prejudice for lack of subject matter jurisdiction. The Court will also certify that any appeal by Plaintiff would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Dated: July 27, 2023                    /s/ Hala Y. Jarbou
                                        HALA Y. JARBOU
                                        CHIEF UNITED STATES DISTRICT JUDGE